Argued and submitted September 27, 2021, affirmed June 2, 2022

In the Matter of M. R. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

M. R. D. H.,
*Respondent,*

*v.*

A. H.,
*Appellant.*

Josephine County Circuit Court
18JU04205; A175515

511 P3d 1133

Sarah E. McGlaughlin, Judge.

Kristen G. Williams argued the cause and filed the briefs for appellant.

Christa Obold Eshleman argued the cause for respondent M. R. D. H. Also on the brief was Youth, Rights & Justice.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals from the permanency judgment changing the case plan for her child, M, from reunification to adoption.[1] She has three primary arguments. First, she argues that the juvenile court erred in entering the judgment because it failed to include all the findings required by ORS 419B.476. Mother acknowledges that she did not raise that issue below but contends that she had no practical ability to do so because it did not arise until entry of judgment. Second, mother asserts that the court erred by concluding, as necessary to change the plan, that the reunification efforts of the Department of Human Services (DHS) were reasonable. Third, mother contends that the court erred by ruling that there were no compelling reasons to relieve DHS of its obligation to file a petition to terminate mother's parental rights to M. In the companion case addressing the guardianship of M's older siblings, C and L, *Dept. of Human Services v. A. H.*, 317 Or App 697, 505 P3d 1064 (2022), we addressed and rejected mother's first two arguments that she also makes here. Because those same facts and findings applied to the permanency judgment entered for M, we adopt those facts and findings here and write only to address mother's third argument. As to that argument, we conclude the court did not err by ruling that there were no compelling reasons to relieve DHS of its obligation to file a petition to terminate mother's parental rights. Accordingly, we affirm.

This case involves one of mother's five children, M. M and three other children, C, L, and J, were removed from the custody of mother and father based on their treatment of J and an older half-brother who lived out of state.[2] We previously set out the pertinent facts that apply here, in the companion case, *A. H.* and, thus, we do not repeat them. For purposes of the argument that we address in this case, we set out the following relevant findings of the court:

> "And so given [the children's] need for permanency and that they have [sic] that high need a year and a half ago,

---

[1] Father is not a party to this appeal.

[2] Mother separately appealed the permanency judgment as to C and L, which we affirmed. *A. H.*, 317 Or App at 699.

which has not diminished in the year and a half since those evaluations, I do find that the reasonable amount of time would be a very short, short period. It would have to be something where the court could say, you know, the parents are on the cusp of becoming safe, or the home environment is on the cusp of manifesting so that the children could be placed in that in a very short period of time. I don't find that that's the situation that we have here. I don't find that either parent has made sufficient progress to allow the children to return to their home safely now.

"* * * * *

"And then because I find that the children have such a high need of permanency, I don't find that further efforts would make it possible for them to return home safely within a reasonable amount of time.

"* * * * *

"Mother needs that kind of intensive counseling necessary for her to develop insight into her relationship with [f]ather and to develop the skills that will allow her to be more protective of her children in a home environment than protective of [f]ather and his psychological needs.

"Both evaluators went into detail about the type of counseling this would take. * * * Clausel's report also outlined the type of counseling that—or the type of topics that should be covered in counseling. What happened here, and this was raised by [mother's attorney] in his closing too, is that [m]other underwent over a year of counseling that was largely ineffective at addressing the core issue, which is the family dynamics. It addressed the sort of peripheral issue of the anxiety and the depression around the situation and around those unhealthy dynamics, but it didn't address the mechanism for harm for the children and so DHS's argument at our last hearing was that's why it was ineffective."

The court also took into account M's "need for permanency, her age, her strong bond to her foster parents, and her desire into account" and changed her permanency plan from reunification to adoption. The court incorporated its oral findings into the written judgment.

In this case, mother asserts that the juvenile court erroneously concluded that there was not a compelling reason to forgo the plan of adoption because she was participating

in services that would make it possible for M to return home within a reasonable time. DHS responds that the court correctly found that there were no compelling reasons to forgo the filing of a petition to terminate mother's parental rights to M. It asserts that mother did not demonstrate that M could return home within a reasonable time. M, who appears in this appeal, contends that the court permissibly found that mother had not proven a compelling reason to delay filing a termination of parental rights petition.

We review for "whether there was evidence in the record to support the juvenile court's findings of fact upon which its conclusion in each case that there was not a 'compelling reason' was based." *Dept. of Human Services v. S. J. M.*, 364 Or 37, 56-57, 430 P3d 1021 (2018). Mother had the burden to prove the existence of a "compelling reason" under ORS 419B.498(2) and ORS 419B.476(5)(d) that it is in M's best interest to delay terminating mother's parental rights. *S. J. M.*, 364 Or at 53. Whether there is a "compelling reason" to delay moving toward adoption for a child is a "child-centered determination." *Dept. of Human Services v. S. S.*, 283 Or App 136, 142, 388 P3d 1178 (2016) (internal quotation marks omitted).

Here, mother failed to establish a compelling reason to forgo filing a petition to terminate her parental rights to M and the evidence is sufficient to support the juvenile court's determination. We agree with the juvenile court that a delay moving toward an adoption for M would be reasonable if it "would be a very short, short period." Given mother's progress, that is not feasible here. Mother was not successfully participating in services and continued to deny she caused harm to any of her children. As Dr. Clausel and other providers stated, in order for mother to make adequate progress, it was essential for her to acknowledge her role in the harm done to her two oldest children and take accountability for her role in the children's removal. Yet, mother made no progress towards those fundamental goals. Further, she had not engaged with Family Care Collaborative, which would have provided wraparound programming for the family, and was offered to mother multiple times. Ultimately, mother did not prove she participated in additional services

that would allow for M to safely return to her in a reasonable amount of time.

Accordingly, we affirm the juvenile court's judgment changing M's plan from reunification to adoption.

Affirmed.